UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>— against —<br><br>KATELYN TRAMPLER,<br><br>Defendant. | 18-cr-72 (ARR)<br><br>**Not for Publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

On November 27, 2018, Katelyn Trampler pled guilty to count one, 21 U.S.C. § 841(b)(1)(B)(vi) conspiracy to distribute fentanyl and possess it with intent to distribute it, count five, § 841(b)(1)(C), distribution of fentanyl and possession with intent to distribute, count seven, § 841(b)(1)(C), distribution of heroin and fentanyl and possession with intent to distribute, and count eight, § 841(b)(1)(C), distribution of fentanyl and possession with intent to distribute.

Upon review of the transcript of Ms. Trampler's plea allocution, *see* Nov. 27, 2018 Tr., ECF No. 117, I have discovered serious defects in the pleading. Her conviction of count one, 21 U.S.C. § 841(b)(1)(B)(vi), conspiracy to distribute fentanyl and possess it with intent to distribute it, is factually insufficient. Ms. Trampler did not unequivocally admit to either the statutory drug quantity, or the reasonable foreseeability of the drug type and quantity. Without establishing those required elements of the offense, I did not have a factual basis to accept her guilty plea. In addition, I am not satisfied that Ms. Trampler's plea was knowing and voluntary. Ms. Trampler appears to have been confused about her rights, the charges against her, and the consequences of her plea. Regrettably, I failed to sufficiently clarify. Thus, I *sua sponte* vacate Ms. Trampler's conviction of count one.

## I. Rule 11 and the Standard for Guilty Pleas

A guilty plea is "a grave and solemn act[]" which is to be "accepted only with care and discernment." *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citing Advisory Committee's Notes on Fed. Rule Crim. Proc. 32, 18 U.S.C. App., p. 794). Rule 11 of the Federal Rules of Criminal Procedure is "meant to ensure that a guilty plea is knowing and voluntary, by laying out the steps a trial judge must take before accepting such a plea." *United States v. Vonn*, 535 U.S. 55, 58 (2002). The Second Circuit has "'adopted a standard of strict adherence to Rule 11[]'" and requires courts to "'examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights ha[ve] been compromised.'" *United States v. Livorsi*, 180 F.3d 76, 78 (2d Cir. 1999).

Among the provisions of Rule 11 is a requirement that the district court, "[b]efore entering judgment on a guilty plea, . . . determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). "A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea. 'Such defects are not technical, but are so fundamental as to cast serious doubt on the voluntariness of the plea[.]'" *United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006) (internal citation and quotation marks omitted) (quoting *Godwin v. United States*, 687 F.2d 585, 591 (2d Cir. 1982)).

Additionally, Rule 11(b)(1) requires that "the court…inform the defendant of, and determine that the defendant understands[]" fifteen specific things about her rights and the nature of the plea. Fed. R. Crim. P. 11(b)(1). Among these requirements, the court must inform and ensure

understanding of "the right to a jury trial[,] . . . the nature of each charge to which the defendant is pleading[,] . . . [and] any mandatory minimum penalty[.]" Fed. R. Crim. P. 11(b)(1)(C), (G)–(H). Compliance with Rule 11(b)(1) is crucial to ensure a knowing and voluntary plea. A guilty plea should be an "intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (internal citations ommitted).

Rule 11 gives a trial judge substantial discretion to act in the interests of justice. *See* Fed. R. Crim. Pro. 11(c)(4) and (5). "A trial judge is not required to 'accept every constitutionally valid [i.e., knowing, voluntary, and intelligent] guilty plea merely because a defendant wishes so to plead[.]'" *United States v. Severino*, 800 F.2d 42, 45 (2d Cir. 1986) (quoting *Alford*, 400 U.S. at 38 n.11). "[I]f the court has reasonable grounds for believing that acceptance of the plea would be contrary to the sound administration of justice, it may reject the plea." *Id*. at 46. A district court judge's decision to reject a guilty plea is subject to review for abuse of discretion. *See id.* at 46–47.

## II. Factual Sufficiency of Ms. Trampler's Guilty Plea

Ms. Trampler pled guilty to conspiracy to distribute fentanyl and possess it with intent to distribute under § 841(b)(1)(B)(vi). Section 841(a)(1) states "it shall be unlawful for any person to knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" Section 841(b)(1)(B)(vi), to which Ms. Trampler pled, specifies a five-year mandatory minimum sentence and a 40-year maximum sentence where the substance at issue contains 40 grams or more of a mixture containing fentanyl.

When I asked Ms. Trampler to explain in her own words what conduct made her guilty of this offense, the following exchange occurred:

> THE DEENDANT: Between July of – around July of 2017 and February 2018, I agreed to package and make sales of heroin, what I believed to be heroin.

3

> THE COURT: Okay. Well, you packaged and made sales of heroin. Did you also package and make sales of fentanyl as part of the packaging material?
>
> MR. SCHNIEDER: Judge.
>
> THE DEFENDANT: From the reports it says that it contained fentanyl. I didn't know. I was using myself –
>
> THE COURT: Okay. So you knew that these were narcotic drugs, controlled substances.
>
> THE DEFENDANT: Yes.
>
> THE COURT: You didn't know precisely what was used with the heroin.
>
> THE DEFENDANT: Correct.
>
> THE COURT: It could have been anything, but you knew it was narcotics?
>
> THE DEFENDANT: Correct.
>
> THE COURT: And you did that together with other people? You agreed to do it with them and you did do it with them?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you either yourself packaged or reasonably foresaw the packaging of at least 40 grams of fentanyl, a substance, a narcotic substance that contained it?
>
> THE DEFENDANT: Yes.

Nov. 27, 2018 Tr. at 19:8–20:8. This exchange is insufficient to establish all of the elements required for conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl.

"Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10, 490 (2000)). This includes any fact that increases the mandatory minimum sentence. *Id.*

Two elements of a § 841(b)(1)(B) conspiracy are not established by Ms. Trampler's guilty plea, and these elements are necessary to increase the mandatory minimum sentence. First, a § 841(b)(1)(B) conspiracy requires "that a jury find, or the defendant himself admit to, the drug-quantity element." *See Adams*, 448 F.3d at 499 (citing *United States v. Gonzalez*, 420 F.3d 111, 125 (2d Cir. 2005)) (analyzing an analogous sentence enhancing provision, § 841(b)(1)(A)). Second, a § 841(b)(1)(B) conspiracy requires that the drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant, *id.* (citing *United States v. Martinez*, 987 F.2d 920, 926 (2d Cir. 1993)), if the defendant was not personally and directly participating in the drug transaction. *See United States v. Andino*, 627 F.3d 41, 46 (2d Cir. 2010). Under clear Second Circuit precedent, there must be a factual basis for both of these elements to accept a plea to any "Section 846 conspiracy involving any of the enhancement-penalty provisions of Section 841(b)(1)[.]" *Adams*, 448 F. 3d at 500 (citing *United States v. Thomas*, 274 F.3d 655, 663 (2d Cir. 2001)). Because these elements were not established, Ms. Trampler's plea is factually insufficient and thus invalid.

### A. Drug Quantity

"A defendant cannot be convicted of, and is not subject to a mandatory minimum sentence pursuant to § 841(b)(1)(a) or -(b)(1)(b) unless the statute's prescribed drug quantity is proved beyond a reasonable doubt to a jury or admitted by the defendant." *Gonzalez*, 420 F.3d at 120. In *Gonzalez*, the Second Circuit concluded that there was no adequate factual basis for a guilty plea where defendant admitted to a conspiracy involving 0.4 grams of crack, but plead guilty to a conspiracy involving fifty grams of crack. *Id.* In another case, *Adams*, the Second Circuit vacated a guilty plea to § 841(b)(1)(A)(ii)(II), which requires 5 kilograms or more of a mixture containing cocaine, because the defendant had admitted to a conspiracy to transport marijuana, but did not

admit to a conspiracy involving any amount of cocaine. 448 F.3d at 498. In yet another example, a district court allowed a defendant to withdraw his plea where he admitted to a conspiracy involving 99 grams of cocaine, but was charged with a conspiracy pursuant to 841(b)(1)(A)(iii), which requires 28 grams or more of a mixture containing cocaine base (crack). *United States v. Baptista*, No. 05-CR-53 (JFK), 2006 WL 2884400, at *4 (S.D.N.Y. Oct. 10, 2006). These cases all support the proposition that a defendant's plea to an aggravated drug offense is not factually sufficient unless she admits to the type and quantity of drugs charged.

Here, Ms. Trampler was charged with a conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl or a mixture containing fentanyl under § 841(b)(1)(B)(vi). I am not satisfied that Ms. Trampler admitted to a conspiracy involving the 40 gram statutory quantity.

Ms. Trampler gave a muddled allocution. Her first statement describes her involvement in a conspiracy to package and make sales of heroin. Nov. 27, 2018 Tr. at 19:8–10. When I asked her whether she also packaged and made sales of fentanyl, she answered, "From the reports it says that it contained fentanyl," adding that she "didn't know" that it contained fentanyl. *Id.* 19:11–16. In context, this statement is at best a contradictory and ambiguous acknowledgement of her involvement in a conspiracy that might have distributed some amount of fentanyl. But it unambiguously makes no reference to any specific quantity of fentanyl or mixture containing fentanyl. It is not an admission to the statutory drug-quantity.

I then asked Ms. Trampler an almost incomprehensible multi-part question: "And you either yourself packaged or reasonably foresaw the packaging of at least 40 grams of fentanyl, a substance, a narcotic substance that contained it?" *Id.* 20:5–8. Ms. Trampler answered, "yes." *Id.* I should not have accepted this simple "yes" answer as an admission of statutory drug quantity.

6

The most likely explanation of this answer, which appears to contradict her previous statements, is that she did not understand my awkwardly-phrased question. For this reason, I should have interrogated her about what she meant in this confusing exchange before concluding that she had made an "unequivocal" admission regarding the drug type and quantity. *See United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998) (citing *Godwin v. United States*, 687 F.2d 585, 590 (2d Cir.1982)). Instead, I simply moved on to the next charge.

Accepting a plea under these circumstances violated a basic principle of our criminal justice system: the *Apprendi* doctrine. *See Baptista*, No. 05-CR.-53 (JFK), 2006 WL 2884400, at *4 ("The Second Circuit held in *Gonzalez* and *Adams* that such *Apprendi* problems require district courts to allow defendants to withdraw guilty pleas where, as here, the plea allocation failed to admit the kind and amount of drugs needed to trigger the aggravated sentencing provisions."); *see also Adams*, 448 F.3d at 499 (2d Cir. 2006) ("Because Adams did not admit that he conspired to distribute five kilograms of cocaine, an element required for conviction and sentencing under Section 841(b)(1)(A), his allocution was factually insufficient to support his plea."). The fact that the indictment was read to her and contained this information does not cure this defect because Ms. Trampler specifically contested this element of the charge. *See Adams*, 448 F.3d at 501. My acceptance of Ms. Trampler's plea cannot be reconciled with Second Circuit precedent, and therefore the plea must be vacated to correct my error.

### B. Reasonable Foreseeability

While the failure to admit to drug quantity would be sufficient on its own to render Ms. Trampler's plea factually insufficient, there is a second necessary element of the offense missing from her allocution: reasonable foreseeability. *See Baptista*, No. 05-cr-53 (JFK), 2006 WL 2884400, at *5 (differentiating these two elements). Where a co-conspirator indirectly participates

7

in a drug transaction, the co-conspirator defendant must have at least been able to reasonably foresee the type and quantity of the drug at issue. *See Adams*, 448 F.3d at 502; *accord United States v. Culbertson*, 670 F.3d 183, 189 (2d Cir. 2012), as amended (Feb. 16, 2012). If the co-conspirator directly and personally participates in a drug transaction, reasonable foreseeability of drug type and quantity is not an element of the offense. *Andino*, 627 F.3d at 47.

Ms. Trampler's admitted conduct falls somewhere between the extremes posed by *Adams* and *Andino*. In *Adams*, the defendant's only involvement in the conspiracy was that he recruited somebody to transport drugs. 448 F.3d at 495. In *Andino*, a large package of drugs was addressed to the defendant, and he physically possessed this package and transported it. 627 F.3d at 47. Ms. Trampler had some direct and personal involvement with drug transactions, but the scope of that direct involvement, and whether it specifically involved fentanyl, is not established in her plea.

Ms. Trampler admitted to packaging and making sales of drugs she believed to be heroin. Nothing about this admission tells me how many times she herself directly packaged or sold drugs or whether the drugs she personally packaged and/or sold contained fentanyl. She may have been directly involved only in drug transactions that did not include any fentanyl at all. She may have packaged or sold mixtures of drugs that contained fentanyl but which in the aggregate amounted to less than 40 grams altogether. Thus, Ms. Trampler may not have been directly and personally involved with drug transactions involving 40 grams of a mixture containing fentanyl. This lack of direct and personal involvement means that her allocution must establish that she reasonably foresaw the type and quantity of the drug charged.

As noted, Ms. Trampler flatly denied knowing that there was any fentanyl involved in the conspiracy. Nov. 27, 2018 Tr. at 19:15–16. She testified that at the time, she was using herself. *Id.* From the record of her guilty plea, there is no factual basis to conclude that Ms. Trampler

8

reasonably foresaw that co-conspirators distributed 40 grams of fentanyl. Thus, I should not have accepted her plea.

### III. Ms. Trampler's Understanding of her Guilty Plea

In addition to the problem of the factually insufficient allocution, I am also concerned that Ms. Trampler's plea was not knowing and voluntary because she did not have "sufficient awareness of the relevant circumstances and likely consequences." *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Fed. R. Crim. P. 11(b)(1) requires that I inform, advise, and question the defendant to make sure that she has the necessary awareness. I failed to do so as to three particular items listed in Rule 11(b): (1) the right to a jury trial, (2) the nature of each charge to which the defendant is pleading, and (3) the mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(C); (G)–(H).

#### A. The Right to a Jury Trial

Ms. Trampler's denial of knowledge of the fentanyl should have alerted me that she may not have fully understood her right to a jury trial. While I did explain to her that she had the right to a jury trial in a general sense, Tr. 8:13–10:7, I never explained that the existence of 40 grams of a substance containing fentanyl, and the reasonable foreseeability of that fentanyl, would be elements that needed to be explicitly found to have been proven beyond a reasonable doubt. I should have given this additional explanation, particularly in light of Ms. Trampler's denials about the drug type. *See Gonzalez*, 420 F.3d at 132 (finding "an error with respect to Rule 11(b)(1)(C)" where "the district court did not inform [defendant] of his right to have the pleaded statutory drug quantity proved to a jury").

#### B. Nature of the Charge

Ms. Trampler's allocution also reflects confusion about the nature of the charge to which she was pleading. I did not emphasize to her that the existence of 40 grams of fentanyl as part of the conspiracy, and the reasonable foreseeability of that fentanyl, were the defining elements of the offense to which she was pleading. I doubt that she knew this because she did not affirmatively admit to those elements when I asked her to describe her conduct in her own words. Tr. 19:6–10. Instead, she described what appears to be a different crime altogether, involving some unspecified amount of heroin. *Id.; cf. Adams*, 448 F.3d at 495 ("Despite Adams's account of an apparent marijuana conspiracy, he pleaded guilty to a cocaine conspiracy."). This reflects a "confusion regarding the charges against [her]." *See Adams*, 448 F. 3d at 494. While I did later ask her whether she reasonably foresaw the packaging of at least 40 grams of heroin, as I have stated *supra*, I am not satisfied that she fully understood the question or provided a knowing and intelligent answer. At the time of the plea, I failed to notice Ms. Trampler's confusion. I did nothing to emphasize the particular importance of the 40 grams of fentanyl. I should have done so because that drug quantity and type is precisely what makes § 841(b)(1)(B)(vi) an aggravated drug offense.

**C. Mandatory Minimum**

Finally, Ms. Trampler's plea was deficient because I did not ensure that she understood the applicable mandatory minimum. I now suspect that she was confused regarding whether a five-year mandatory minimum actually applied or whether she would be eligible for the safety valve provision of 18 U.S.C. § 3553(f). Such a fundamental misunderstanding about the consequences of her plea renders her plea invalid.

Only once during the entire plea proceeding did I mention to Ms. Trampler that she was pleading guilty to a charge that carried a five-year mandatory minimum sentence. Nov. 27, 2018 Tr. at 11:12–14. Nothing I said to Ms. Trampler indicated that the mandatory minimum was an

issue of particular importance, distinct from any other potential penalty, and worthy of her special attention. Nor did I explain that this mandatory minimum applied precisely because she was pleading guilty to a drug distribution conspiracy involving 40 grams or more of fentanyl. Particularly in the context of Ms. Trampler's denial of the drug type and quantity, I should have more carefully and thoroughly explained the mandatory minimum and why it applied.

Nor did I explain the significance of the safety valve provision to Ms. Trampler. During the plea allocution, her lawyer stated that it was "likely that Ms. Trampler will qualify for the safety valve prior to sentencing[.]" Tr. 16:13–14. I did not ask Ms. Trampler any specific questions to assess her understanding of that statement, or otherwise explain that eligibility for the safety valve provision was far from guaranteed in her case. *See id.* at 16:13–17:10. Instead, I asked her generally if she understood what the lawyers said, and made generic statements that the lawyers could have estimated her sentence incorrectly. *Id.* at 16:22–17:10. I now realize I should have conducted a more searching inquiry and made greater efforts to confirm that Ms. Trampler understood the significant obstacles she would face in establishing safety valve eligibility.

Specifically, I did not bring to Ms. Trampler's attention that the safety valve does not apply in a case where "the offense [] result[ed] in death or serious bodily injury to any person." 18 U.S.C. § 3553(f)(3). This provision makes Ms. Trampler's eligibility for the safety valve a complex legal and factual question. Avoiding the mandatory minimum is an uphill battle where a drug offense arguably resulted in death or serious bodily injury. This is something I should have impressed upon Ms. Trampler at the time of her plea. *Cf. United States v. Baez*, 7 F. App'x 91, 93 (2d Cir. 2001) (unpublished decision) (finding defendant's plea was voluntary because the judge made him "aware of the statutory mandatory minimum and its applicability to him").

11

In general, I am not required "to guess at the plea allocation stage whether the defendant will qualify for the safety valve." *United States v. DeJesus-Abad*, 263 F.3d 5, 9 (2d Cir. 2001). However, given the importance of the safety valve in assessing the intelligence and voluntariness of her plea, coupled with defense counsel's statement that the safety valve would likely apply, I should have provided additional information and clarification to the defendant.

## IV.   Conclusion

In hindsight, I now see that there were numerous deficiencies in Ms. Trampler's plea allocution as concerns count one of the indictment. I erred in accepting Ms. Trampler's plea both because I did not have a sufficient factual basis for all elements of the offense to which she was pleading, and because I did not take adequate steps to ensure her understanding of her rights, the charge, or the mandatory minimum sentence. Considering the cumulative impact of all of these errors, I find that Ms. Trampler's plea to count one cannot stand.

For the foregoing reasons, I must vacate Ms. Trampler's § 841(b)(1)(B)(vi) conviction. The three other convictions are not affected by this order.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:   February 7, 2020
         Brooklyn, New York